1

2

3

4

5

6

7

8        IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LEROY BLACK,

11        Plaintiff,                    No. 2:12-cv-1439 GEB DAD P

12        vs.

13   CITY OF VALLEJO,

14        Defendant.              <u>ORDER</u>

15   _____/

16        Plaintiff is a county inmate proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   302 and 28 U.S.C. § 636(b)(1).

20        Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee

24   in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

25   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

26   and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

1

1   payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

2   account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

3   each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

4   U.S.C. § 1915(b)(2).

5                                  **SCREENING REQUIREMENT**

6           The court is required to screen complaints brought by prisoners seeking relief

7   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

8   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

11  U.S.C. § 1915A(b)(1) & (2).

12          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18  Cir. 1989); Franklin, 745 F.2d at 1227.

19          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

20  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

23  (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

24  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

25  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

26  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

2

1  allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

2  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

3  doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

4         The Civil Rights Act under which this action was filed provides as follows:

5         Every person who, under color of [state law] . . . subjects, or causes
to be subjected, any citizen of the United States . . . to the

6         deprivation of any rights, privileges, or immunities secured by the
Constitution . . . shall be liable to the party injured in an action at

7         law, suit in equity, or other proper proceeding for redress.

8  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

9  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

10  <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

11  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

12  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

13  omits to perform an act which he is legally required to do that causes the deprivation of which

14  complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

15         Moreover, supervisory personnel are generally not liable under § 1983 for the

16  actions of their employees under a theory of <u>respondeat</u> <u>superior</u> and, therefore, when a named

17  defendant holds a supervisorial position, the causal link between him and the claimed

18  constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862

19  (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

20  allegations concerning the involvement of official personnel in civil rights violations are not

21  sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

22  **PLAINTIFF'S COMPLAINT**

23         In his complaint, plaintiff has identified the City of Vallejo as the sole defendant.

24  Plaintiff alleges as follows.  In October 2011, a police officer tazed him at the Redwood Village

25  Shopping Center.  As a result of the tazing, plaintiff suffered a broken jaw, several chipped teeth,

26  /////

1  road rash abrasions and nerve damage.  In terms of relief, plaintiff requests compensatory

2  damages.  (Compl. at 3.)

**DISCUSSION**

4         The allegations in plaintiff's complaint are so vague and conclusory that the court

5  is unable to determine whether the current action is frivolous or fails to state a claim for relief.

6  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

7  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

8  the defendants and must allege facts that support the elements of the claim plainly and succinctly.

9  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

10  with at least some degree of particularity overt acts which defendants engaged in that support his

11  claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

12  8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

13  amended complaint.

14         If plaintiff chooses to file an amended complaint, he must allege facts

15  demonstrating how the conditions complained of resulted in a deprivation of his federal

16  constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The

17  amended complaint must allege in specific terms how each named defendant was involved in the

18  deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is

19  some affirmative link or connection between a defendant's actions and the claimed deprivation.

20  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

21  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of

22  official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673

23  F.2d 266, 268 (9th Cir. 1982).

24         Insofar as plaintiff wishes to proceed on a Fourth Amendment excessive use of

25  force claim, he is advised that a claim that a law enforcement officer used excessive force during

26  the course of an arrest is analyzed under an objective reasonableness standard.  Graham v.

4

1  Connor, 490 U.S. 386, 395 (1989).  Under this standard, "'[t]he force which [i]s applied must be

2  balanced against the need for that force: it is the need for force which is at the heart of the

3  Graham factors.'"  Liston v. County of Riverside, 120 F.3d 965, 976 (9th Cir. 1997) (quoting

4  Alexander  v. City and County of San Francisco, 29 F.3d 1355, 1367 (9th Cir. 1994)).  In

5  addressing this legal standard, the Ninth Circuit recently reiterated:

6           We ask whether the officers' actions are objectively reasonable in
            light of the facts and circumstances surrounding them.  We must
7           balance the nature of the harm and quality of the intrusion on the
            individual's Fourth Amendment interests against the
8           countervailing governmental interests at stake.  Stated another way,
            we must balance the amount of force applied against the need for
9           that force.

10  Bryan v. McPherson, 630 F.3d 805, 823-24 (9th Cir. 2010) (internal quotations and citations

11  omitted).  See also Scott v. Harris, 550 U.S. 372, 383-84 (2007); Santos v. Gates, 287 F.3d 846,

12  853 (9th Cir. 2002); Deorle v. Rutherford, 272 F.3d 1272, 1280 (9th Cir. 2001); Liston, 120 F.3d

13  at 976.

14          In analyzing the nature and quality of the intrusion on an individual's Fourth

15  Amendment interests, the court considers both the type and the amount of force used.  See Bryan,

16  630 F.3d at 824.  "Force is excessive when it is greater than is reasonable under the

17  circumstances."  Santos, 287 F.3d at 854 (citing Graham, 490 U.S. 386).  Thus,

18          [a]lthough it is undoubtedly true that police officers are often
            forced to make split-second judgments, and that therefore not every
19          push or shove, even if it may seem unnecessary in the peace of a
            judge's chambers is a violation of the Fourth Amendment, it is
20          equally true that even where some force is justified, the amount
            actually used may be excessive.
21
22  Santos, 287 F.3d at 853 (internal quotations and citations omitted).

23          In analyzing the governmental interests at stake, the court considers a range of

24  factors, including "'(1) the severity of the crime at issue, (2) whether the suspect pose[d] an

25  immediate threat to the safety of the officers or others . . . (3) whether he [was] actively resisting

26  arrest or attempting to evade arrest by flight,' and any other 'exigent circumstances [that] existed

1    at the time of the arrest.'" Deorle, 272 F.3d at 1280 (quoting Headwaters Forest Def. v. County

2    of Humboldt, 240 F.3d 1285 (9th Cir. 2000), vacated and remanded on other grounds, 534 U.S.

3    801 (2001)). See also Blankenhorn v. City of Orange, 485 F.3d 463, 477 (2007). These factors

4    are not exclusive, however. Rather, the court must "examine the totality of the circumstances

5    and consider 'whatever specific factors may be appropriate in a particular case, whether or not

6    listed in Graham.'" Bryan, 630 F.3d 826. For example, the court may appropriately consider

7    whether a warning was given before force was used. See Deorle, 272 F.3d at 1285 ("Less than

8    deadly force that may lead to serious injury may be used only when a strong governmental

9    interest warrants its use, and in such circumstances should be preceded by a warning, when

10   feasible.").

11           In any amended complaint plaintiff elects to file, he should also clarify who the

12   defendant is in this case. In his original complaint plaintiff has listed the City of Vallejo as the

13   sole defendant, but has not alleged any wrongdoing on the city's part. Rather, it appears that the

14   appropriate defendant in this case would be the police officer who allegedly tazed plaintiff at the

15   Redwood Village Shopping Center. In addition, in any amended complaint plaintiff elects to file,

16   he should elaborate on the circumstances surrounding his confrontation with the Vallejo police

17   officer and explain why he believes the officer's force was not objectively reasonable and

18   violated his rights under the Fourth Amendment in light of the legal standard discussed above.

19           Plaintiff is informed that the court cannot refer to a prior pleading in order to

20   make plaintiff's amended complaint complete. Local Rule 220 requires that an amended

21   complaint be complete in itself without reference to any prior pleading. This is because, as a

22   general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375

23   F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

24   longer serves any function in the case. Therefore, in an amended complaint, as in an original

25   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

26   /////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 8) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Sheriff of Solano County filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: July 3, 2012.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
blac1439.14a

7